FILED
U.S. DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
05 JUN 20 PM 1:14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PATRICK SALYER,<br><br>    Plaintiff,<br><br>-vs-<br><br>CSX TRANSPORTATION, INC.,<br>a corporation,<br><br>    Defendant. | Case No. 3:05CV-364-S<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT AT LAW

The plaintiff, PATRICK SALYER, by his attorneys, Robert E. Harrington, Jr., Patrick J. Harrington and Daniel W. Pisani of HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD., complaining of defendant, CSX TRANSPORTATION, INC., a corporation, hereinafter CSXT, states:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

2. The defendant, CSXT, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Western District of Kentucky, and is subject to service of process and to the jurisdiction of this Court.

3. At the time of the accident and injury alleged herein, plaintiff was employed by defendant as a conductor and his duties as such were in furtherance of interstate commerce for defendant. At said time, both plaintiff and defendant were subject to the Act of Congress known as the Federal Employer's Liability Act, 45 U.S.C. §51 *et seq.*, and amendments thereto and the Code of Federal Regulations, *49 C. F. R. Part 213*, Track

Safety Standards.

4. That on or about October 1, 2004, plaintiff was injured while working for defendant at or near the City of Louisville in the State of Kentucky.

5. At said place and time, plaintiff was assigned by defendant CSXT to work as a conductor. In the course of performing his duties, plaintiff was required to walk along railroad ballast near the service center in the defendant's railroad yard. The ballast in the area was oversized, worn down, deteriorated, unstable, uneven, inundated with foreign materials and not suited for walking. As plaintiff walked in the area he was caused to lose his balance and fall due to the unstable and loose ballast located therein, and was thereby caused to be injured.

6. Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of defendant's business, and it was defendant's duty to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work; to provide employees with a safe walkway for use in the performance of their duties; to refrain from utilizing oversized ballast in the walkway; to have provided stable ballast suited to safe walking; to provide plaintiff with a work area comprised of unobstructed, stable ballast suitable for walking; to inspect the walkway when ordinary inspection would have disclosed that the trackbed was covered with oversized ballast; to remove oversized ballast from the walkway; to furnish artificial lighting in said premises; to heed employee complaints regarding the presence of oversized ballast in said walkway; to tamp said ballast; to provide plaintiff with a walkway of stable ballast; to warn plaintiff so as to avert injury to him at said time and place; to comply with the defendant railroad's guidelines, standards, rules and regulations regarding the size of ballast along the walkway; to comply with industry

standards regarding the size of ballast along the walkway; and it was defendant's absolute duty to comply with the Code of Federal Regulations, *49 C. F. R. Part 213*, Track Safety Standards.

7.  Defendant, at the time and place alleged, notwithstanding its duties to plaintiff, was careless and negligent in one or more of the following particulars and thereby caused injury to plaintiff:

   a.  In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work;

   b.  In failing to provide plaintiff with a safe walkway for use in the performance of his duties;

   c.  In permitting and condoning the use of oversized ballast in the walkway;

   d.  In failing to provide plaintiff with a work area comprised of unobstructed, stable ballast suitable for walking;

   e.  In failing to inspect the walkway when ordinary inspection would have disclosed that the trackbed was covered with oversized ballast;

   f.  In failing to inspect the walkway when ordinary inspection would have disclosed that the trackbed was covered with unstable and loose ballast;

   g.  In failing to remove oversized ballast from the walkway;

   h.  In failing to furnish artificial lighting in said premises;

   i.  In failing to heed employee complaints regarding the lack of adequate ballast in said walkway and in failing to take remedial measures in response to same;

   j.  In failing to heed employee complaints regarding the lack of stable ballast in said walkway and in failing to take remedial measures in response to same;

k. In failing to heed employee complaints regarding the presence of oversized ballast in said walkway and in failing to take remedial measures in response to same;

l. In failing to heed employee complaints regarding the lack of adequate lighting and in failing to take remedial measures in response to same;

m. In failing to tamp said ballast to provide the plaintiff with a walkway of stable ballast;

n. In failing to warn plaintiff so as to avert injury to him at said time and place;

o. In failing to comply with and in violating the defendant railroad's guidelines, standards, rules and regulations regarding the size of walkway ballast;

p. In failing to comply with and in violating industry standards regarding the size of walkway ballast;

q. In failing to comply with and in violating its' absolute duty under the Code of Federal Regulations, *49 C. F. R. Part 213*, Track Safety Standards.

8. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of defendant.

WHEREFORE, plaintiff PATRICK SALYER prays for a judgment of damages against defendant CSX TRANSPORTATION, INC. in the amount of Nine Hundred Fifty Thousand Dollars ($950,000.00), and therefore brings this suit.

Respectfully submitted,

*/s/ Robert E. Harrington, Jr.*
Robert E. Harrington, Jr.
Patrick J. Harrington
Daniel W. Pisani
HARRINGTON, THOMPSON, ACKER
 & HARRINGTON, LTD.
Attorneys for Plaintiff
310 South Michigan Avenue
 Suite 2000
Chicago, Illinois  60604
(312) 922-8833

*/s/ Richard M. Breen*
Richard M. Breen
Local Counsel for Plaintiff
Richard Breen Law Offices, P.S.C.
2950 Breckenridge Ln., Ste 3
Louisville, KY  40220-1462
(502) 473-0579